**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 26-11118

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DOGA KUYON YUOH,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cr-00497-WFJ-SPF-1

_____

Before NEWSOM, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Doga Yuoh appeals his sentence of 12 months' imprisonment and 18 months of supervised release, imposed upon revocation of his supervised release, which he was serving as part of his

2019 conviction for being a felon in possession of a firearm. On appeal, Yuoh argues that his revocation sentence, both the prison term and the period of supervised release, is substantively unreasonable because the district court failed to consider or give sufficient weight to his mitigating factors and failed to adequately explain its reasoning. After thorough review, we affirm.

When a defendant violates the terms of his supervised release, 18 U.S.C. § 3583(e)(3) permits district courts to revoke the defendant's supervised release and impose a prison term. *Trailer*, 827 F.3d at 936. Before doing so, however, the court must consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). The court may not consider, however, the retributive factor in § 3553(a)(2)(A). *Esteras v. United States*, 606 U.S. 185, 188, 195 (2025). We review the substantive reasonableness of a district court's sentence upon revoking supervised release for abuse of discretion. *United States v. King*, 57 F.4th 1334, 1337 (11th Cir. 2023). In doing so, "we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the [18 U.S.C.] § 3553(a) factors." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). The party challenging the sentence bears the burden of showing that it is unreasonable. *Id.*

"A district court imposes a substantively unreasonable sentence, and thus abuses its discretion, when it '(1) fails to afford consideration to relevant [§ 3553(a)] factors that were due significant

weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'" *King*, 57 F.4th at 1338 (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)). "We will only vacate a defendant's [revocation] sentence if we are 'left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *Trailer*, 827 F.3d at 936 (quoting *Irey*, 612 F.3d at 1190). Importantly, the district court has "discretion [to] giv[e] greater weight to" some § 3553(a) factors over others. *See King*, 57 F.4th at 1339. Further, the district court need not state on the record that it explicitly considered each of the factors. *United States v. Steiger*, 107 F.4th 1315, 1320 (11th Cir. 2024).

At sentencing, "[a] district court's failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider the evidence." *United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022) (citation modified). "Rather, a district court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is sufficient." *Id*. Finally, we "afford[] a presumption of reasonableness" to "[s]entences within the Guidelines range." *Id*. at 1355.

If the court revokes a defendant's supervised release and imposes a prison term, the court may order "that the defendant be placed on a term of supervised release after imprisonment." 18

U.S.C. § 3583(h).  However, "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."  *Id.*  In other words, the sum of the defendant's custodial revocation sentences and the period of additional supervised release may not be greater than "the term of supervised release authorized by statute for" the defendant's original underlying offense.  *See id.*

In imposing both a sentence of incarceration and a subsequent term of supervised release, the district court is not required "to make two separate explanations -- one for the term of imprisonment and one for the term of supervised release."  *United States v. Hamilton*, 66 F.4th 1267, 1275 (11th Cir. 2023).  The "fairly obvious" reason for this is that the district court necessarily considered the factors applicable to supervised release when it considered the factors applicable to a term of incarceration, as the factors applicable to supervised release are a subset of the factors for a term of incarceration.  *See id.* at 1276.  Thus, "[t]o require the court to mechanically repeat its § 3553(a) findings would be redundant and inefficient."  *Id.*

Here, in its written judgment, the district court imposed a revocation sentence of 12 months' imprisonment, followed by 18 months of supervised release.  This sentence is not substantively unreasonable.  *See King*, 57 F.4th at 1337.  For starters, Yuoh's 12-month custodial revocation sentence was within the guideline

range, so it is "afforded a presumption of reasonableness." *See Butler*, 39 F.4th at 1355. In addition, the court expressly said it had considered the § 3553(a) factors, except for the impermissible factors in (a)(2)(A) and (a)(3). *See Esteras*, 606 U.S. at 194-95. The court relied most heavily on the guideline range, the need to protect the public from Yuoh, and the need to deter Yuoh -- all of which were permissible factors for the court to consider, *see* 18 U.S.C. §§ 3583(e), 3553(a)(2)(B), (a)(2)(C), (a)(4) -- and the court did not abuse its discretion in weighing these factors more heavily than others, *see King*, 57 F.4th at 1339.

To the extent Yuoh argues that the district court failed to consider, or gave insufficient weight to, his mitigating factors -- including his mental health, his age at the time of the underlying felony, his efforts to comply with the terms of his supervised release, and his family needs concerning his mother and pregnant partner -- the weight to afford these factors was in the district court's "sound discretion." *See Butler*, 39 F.4th at 1355. And the court's brief discussion of these issues does not indicate that the court ignored or failed to consider that evidence, especially since it was discussed by Yuoh's counsel, Yuoh's mother and Yuoh himself at the hearing and since the court acknowledged it had considered the permissible § 3553(a) factors and the parties' arguments. *Id*. at 1356.

Further, as we've explained, a district court need not address the reasons for the custodial sentence and term of supervised release separately because the "court's reasoning inevitably supports

both the imprisonment and supervised release portions of the district court's sentence." *Hamilton*, 66 F.4th at 1276.  Here, the court provided an adequate explanation for Yuoh's revocation sentence as a whole, which was more than sufficient. *See id.*  Indeed, Yuoh's revocation sentence, imposed after he again violated the terms of his supervised release -- by being convicted of resisting a police officer, public consumption of alcohol, and stalking a woman, in addition to several technical violations -- does not "'lie[] outside the range of reasonable sentences dictated by the facts of the case.'" *Trailer*, 827 F.3d at 936 (quoting *Irey*, 612 F.3d at 1190).  We, therefore, affirm Yuoh's custodial revocation sentence and period of supervised release.

**AFFIRMED.**